CHANDLER JENNINGS, Plaintiff in Error, v. STATE OF OREGON, Defendant in Error.

*Error to Marion.*

Where the record shows that a sentence has been amended by erasing the word " solitary," without showing what position it sustained in the sentence, this court cannot say whether its insertion or erasure would be prejudicial to defendant.

CHANDLER JENNINGS was indicted at the May term of the Circuit Court, 1859, for Marion County, for larceny, in stealing divers articles of personal property of the value of more than thirty-five dollars. Upon trial, he was found guilty, as charged in the indictment, and sentenced to imprisonment in the penitentiary for the term of five years. The other facts in the case sufficiently appear in the opinion of the court.

*G. H. Williams*, for plaintiff in error.

*J. G. Wilson*, prosecuting attorney, for defendant in error.

WAIT, C. J. The matters assigned as error, and relied upon, are as follows :

3d. The sentence of the court is not warranted by law.

4th. The change in the sentence is irregular and void ; and it was made without notice to the plaintiff in error, and at a term of court subsequent to the term when the judgment and sentence of the court were entered.

5th. The proceedings are irregular and illegal.

The record of the judgment and sentence of the court below, as it comes before us, is as follows, to wit : " This day came the State of Oregon, by Wilson, prosecuting attorney, and the said defendant, in his own proper person, as well as by Williams, his attorney, and moves for a new trial in this

cause ; and the court, after hearing the arguments of counsel, ordered, that said motion be denied, and the said defendant be sentenced to five years' confinement, and kept at hard labor in the penitentiary of this State.   The term of this sentence to commence from the date of the expiration of the four years' sentence, on an indictment for receiving and aiding in the concealment of stolen goods, this day entered ; and that judgment be entered against said defendant for the costs in this case, accruing to be taxed, and that execution issue therefor."

It appears, also, from the record before us, that at the next regular term, after the conviction and sentence of said Jennings, the judge of said court made an order, of which the following is a copy, to wit :

" STATE OF OREGON      *Record of Conviction and Judg-*
             *v.*                    *ment, at September Term,* 1858,
" CHANDLER JENNINGS.  *for larceny.*

" To the Clerk of the Circuit Court :

" Being satisfied, from an examination of the record in this cause, and my own knowledge of the proceedings, that there is a clerical error in the judgment—that is to say, the word *solitary*, which appears in the said record, was not in the original sentence as delivered by the court—you are, therefore, directed to erase said word from said recorded judgment, to make the same conform to the sentence as delivered by the court.

" Given in open court, this 28th day of March, A. D. 1860.

" R. P. BOISE, *Judge.*"

Except from this order, it does not appear, from the record or proceedings before us, that the word " *solitary*" was ever embodied in the sentence of the court below ; nor is there any thing before us to show where, in the sentence, the word solitary occurred.   This court will not pass out of the

record in search of reasons for the reversal of a judgment of an inferior court; and without going out of the record, it is impossible to determine that the rights of the plaintiff in error have been prejudiced, either by the inserting or the erasing of the word *solitary*.

We think, therefore, that the judgment of the court below must be, and it is affirmed.